# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ETG AVIATION, LLC AND TP HOST, LLC** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO.** 5:20-cv-1418 |
| **PILOT POINT CONSULTANCY, LLC, CASTINE AIRWAYS, LLC, TEXTRON AVIATION, INC.** | § § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL

Defendant Textron Aviation Inc. ("TAI") removes this action from Texas state court to the Western District of Texas based on 28 USC § 1332, § 1441 and § 1446. In support of this removal, TAI would show the Court as follows:

## I. BACKGROUND:

1. TAI is a Defendant in a case filed in the 57th Judicial District Court at Bexar County, State of Texas, cause number 2020CI22421 entitled *ETG Aviation, LLC and TP Host, LLC v. Pilot Point Consultancy, LLC, Castine Airways, LLC, Textron Aviation, Inc, and Does 1-20.*[1]

2. Plaintiffs originally filed this lawsuit in the Superior Court of California, County of Santa Clara, under cause number 20CV367119. That lawsuit was filed on June 9, 2020, but did not include TAI as a defendant.[2] On October 1, 2020, California state trial court issued its Order Concerning Defendant's Forum Non Conveniens Motion. That order granted defendants Pilot

---

[1] Exhibit 2.
[2] Exhibit 6.

Point Consultancy, LLC and Castine Airways, LLC's forum non conveniens motion, finding that "substantial justice requires that this dispute be heard in Texas."[3]

3.      On or about November 17, 2020, Plaintiffs filed the present lawsuit in Bexar County, Texas.  TAI was served with citation on November 20, 2020.

4.      This lawsuit arises from an aircraft accident that occurred at San Antonio International Airport on November 15, 2019.  Plaintiffs allege that an aircraft owned and operated by Defendant Pilot Point Consultancy collided with Plaintiffs' aircraft, resulting in property damage. Plaintiffs allege that they seek damages in excess of $1 Million.[4]

5.      As will be identified below, this Court has original and removal jurisdiction over this matter pursuant to the Court's "diversity jurisdiction."   There is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00.  TAI was served with Plaintiffs' First Amended Petition Upon Transfer from the Superior Court of California (the first pleading asserting claims against TAI) on November 20, 2020.  This notice of removal was filed less than 30 days after receipt by TAI, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this proceeding is based.[5]  Further, this action has been removed less than one year after commencement of this action in state court.[6]

## II.      BASIS FOR REMOVAL:

6.      As a United States District Court, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441.

---

[3] Exhibit 7.
[4] Exhibit 2.
[5] 28 USC § 1446 (b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (Tex. 1999).
[6] 28 USC § 1446 (c).

7.     Citizenship of individuals is determined by their domicile.[7]  A limited liability company's citizenship is determined by the citizenship of its individual members.[8]  Pursuant to 28 U.S.C.A. § 1332 (c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ."[9]

5.     Plaintiff ETG Aviation, LLC is a Virginia limited liability company.  Upon information and belief, all of ETG's members are citizens of Virginia and/or are not citizens of Kansas or California.  Thus, upon information and belief, ETG Aviation, LLC is a citizen of Virginia and/or is not a citizen of Kansas or California.

6.     Plaintiff TP Host, LLC is a Virginia limited liability company.  Upon information and belief, all of TP Host's members are citizens of Virginia and/or are not citizens of Kansas or California.  Thus, upon information and belief, TP Host, LLC is a citizen of Virginia and/or is not a citizen of Kansas or California.

7.     Upon information and belief, Defendant Pilot Point Consultancy, LLC is a California limited liability company.  Upon information and belief, Pilot Point's sole member is The Castine Group, a California corporation with its principal place of business in California.  Thus, upon information and belief, Pilot Point Consultancy, LLC is a citizen of California and is not a citizen of Kansas or Virginia.

---

[7] *E.g. Bain Consult. LLC v. Gillman*, 2013 WL 12126275, *1 (N.D. Tex. May 14, 2013) (stating "[i]n determining diversity jurisdiction, the state where someone established his domicile serves a dual function as his state of citizenship.")
[8] *E.g.*, *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). (stating "[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation").
[9] 28 U.S.C.A. § 1332 (c).

8.      Defendant Castine Airways, LLC was a California limited liability company, which changed its name to Pilot Point Consultancy, LLC in 2017 (which is also named as a Defendant in this lawsuit).  Castine Airways, LLC/Pilot Point's sole member is The Castine Group, a California corporation with its principal place of business in California.  Thus, Castine Airways, LLC is a citizen of California and is not a citizen of Kansas or Virginia.

9.      Defendant TAI is incorporated in Kansas.  Defendant TAI has its principal place of business at One Cessna Boulevard, Wichita, KS  67215.  Thus, TAI is a citizen of Kansas and is not a citizen of California or Virginia.

10.     Upon information and belief, there are no California or Kansas citizens who are Plaintiffs, and there are no Virginia citizens who are Defendants.  The amount in controversy is in excess of $1 Million.[10]  Accordingly, there is complete diversity of citizenship, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  This makes this case removable under 28 U.S.C. § 1441.

11.     Although Plaintiffs allege claims against purported "John Doe" Defendants and claims that they are Texas "residents," these supposed Defendants are to be disregarded for removal purposes.[11]  Even so, these purported Defendants have not been served at the time of removal, making their alleged Texas residency also irrelevant for removal purposes.[12]  Therefore, for all purposes, the citizenship of the John Doe Defendants is disregarded for removal purposes.

---

[10] Exhibit 6.

[11] 28 USC § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded"); *Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (section 1441(b) applies to "John Doe defendants as such").

[12] *Texas Brine Co., LLC v. AAA, Inc.*, 955 F.3d 482, 485-490 (5th Cir. 2020) (only defendants served at the time of removal are considered for purposes of the forum-defendant rule in section 141(b)(2)); *Baker v. Bell Helicopter, Inc.*, 2020 WL 5513431 (N.D. Tex. 2020) (allowing a snap removal by a Texas defendant because it had not been served at the time of removal).

12.     All Defendants consent to this removal.[13]

### III.  PROCEDURAL REQUIREMENTS:

13.     Copies of all pleadings, process, orders, and other filings in the state-court lawsuit are attached to this notice as required by 28 U.S.C. 1446 (a).[14]

14.     Pursuant to 28 U.S.C. § 1446 (d), written notice of filing of this removal will be given to all adverse parties promptly after the filing of this Notice.

15.     Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice will be filed with the 57th Judicial District Court at Bexar County, State of Texas promptly after the filing of this Notice.

### IV.  CONCLUSION:

16.     For the reasons set forth above, Defendant Textron Aviation Inc. timely removes this action as set forth above and respectfully requests trial by jury in the United States District Court for the Western District of Texas, San Antonio Division.

---

[13] Exhibit 5.  28 U.S.C. § 1446(b)(2)(A) (defendants who have "been properly joined and served" must consent).
[14] Exhibits 1, 2, 3 and 4.

Respectfully submitted,

/s/ *Bryan S. David*
_____
Bryan S. David
SBN: 24031989
bdavid@canteyhanger.com
David Denny
SBN: 00787354
ddenny@canteyhanger.com

Cantey Hanger, LLP
1999 Bryan St., Suite 3300
Dallas, TX 75201
(214) 978-4100
(214) 978-4150 FAX

**ATTORNEYS FOR TEXTRON
AVIATION INC.**

## <u>CERTIFICATE OF SERVICE</u>

On December 11, 2020, I filed the forgoing Notice of Removal with the clerk of the court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5 (b) (2).

/s/ *Bryan S. David*
Bryan S. David



**EXHIBIT 1**



## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2020CI22421

**Name**:

**Date Filed** : 11/17/2020

**Case Status** : PENDING

**Litigant Type** : DEFENDANT

**Court** : 057

**Docket Type** : PREMISES

**Business Name** : DOES 1-20

**Style** : ETG AVIATION LLC ET AL

**Style (2)** : vs PILOT POINT CONSULTANCY LLC ET AL

# Case History

*Currently viewing 1 through 3 of 00003 records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| S00001 | 11/18/2020 | CITATION CERTIFIED MAIL<br>TEXTRON AVIATION INC<br>ISSUED: 11/18/2020 RECEIVED: 11/18/2020<br>EXECUTED: 11/20/2020 RETURNED: 11/30/2020 |
| P00002 | 11/17/2020 | REQUEST FOR SERVICE AND PROCESS |
| P00001 | 11/17/2020 | PETITION |

# EXHIBIT 2

FILED
11/17/2020 4:47 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

CIT CML

## NO. **2020CI22421**

| | | |
|---|---|---|
| ETG AVIATION, LLC AND TP HOST, LLC<br>Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT COURT |
| | § | |
| V. | §<br>§ | 57th ____ JUDICIAL DISTRICT |
| | § | |
| PILOT POINT CONSULTANCY, LLC, CASTINE AIRWAYS, LLC, TEXTRON AVIATION, INC., AND DOES 1-20<br>Defendants. | §<br>§<br>§<br>§ | OF BEXAR COUNTY, TEXAS |

### PLAINTIFFS' FIRST AMENDED PETITION
### UPON TRANSFER FROM THE SUPERIOR COURT OF CALIFORNIA

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME ETG AVIATION, LLC** and **TP HOST, LLC**, hereinafter called

Plaintiffs, complaining of and about Pilot Point Consultancy, LLC, Castine Airways, LLC

and Does 1-20, hereinafter called Defendants, and for cause of action show unto the

Court the following:

### DISCOVERY LEVEL AND TEX. R. CIV. P. 47 DESIGNATION

1. Plaintiffs intend that discovery be conducted under Discovery Level 3.

2. Plaintiffs seek monetary relief of more than $1,000,000.00.

### PARTIES AND SERVICE

3. Plaintiff, ETG Aviation, LLC, is a Foreign Corporation whose address is 150

W. Main Street, Suite 1600, Norfolk, Virginia 23510.

4. Plaintiff, TP Host, LLC, is a Foreign Corporation whose address is 150 W.

Main Street, Suite 1600, Norfolk, Virginia 23510.

5. Defendant Pilot Point Consultancy, LLC, a Nonresident California

Corporation, may be served by and through its attorney, Shannon Dugan, who has

1

agreed to accept service on its behalf. Service of said Defendant as described above can be effected by e-service.

6.      Defendant, Castine Airways, LLC, a Nonresident Corporation, may be served by and through its attorney, Shannon Dugan, who has agreed to accept service on its behalf. Service of said Defendant as described above can be effected by e-service.

7.      Textron Aviation, Inc., is a Nonresident Corporation doing business at, among other places, the San Antonio Airport, Bexar County, Texas, the place of collision of aircraft involved in this Petition. Service of said Defendant can be effected by service upon its registered agent, CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201-3136.

8.      Defendants, Does 1-20, are presently unknown individual residents of Texas who may be served with process at his/her home address or wherever he/she may be found. Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

9.      Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county. As a result, and upon Defendants' Motion, the Superior Court of the State of California, in the County of Santa Clara, ordered that this cause be transferred to Bexar County, Texas on or about October 7, 2020 in Cause No. 20CV367119, styled *ETG Aviation, LLC, a corporation, TP Host, LLC, a corporation v. Pilot Point Consultancy, LLC, a corporation previously known as Castine Airways, LLC, a corporation, and Does 1-20.* A true and correct copy of that

2

Court's Order is attached hereto as Exhibit A and fully incorporated herein.

10.    This court has jurisdiction over Defendant Pilot Point Consultancy, LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Pilot Point Consultancy, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Moreover, Plaintiffs would show that Defendant Pilot Point Consultancy, LLC had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Pilot Point Consultancy, LLC to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant. Furthermore, Plaintiffs would show that Defendant Pilot Point Consultancy, LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

11.    This court has jurisdiction over Defendant Castine Airways, LLC, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Castine Airways, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Moreover, Plaintiffs would show that Defendant Castine Airways, LLC had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiffs would

3

also show that the cause of action arose from or relates to the contacts of Defendant Castine Airways, LLC to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant. Furthermore, Plaintiffs would show that Defendant Castine Airways, LLC engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

12.　This court has jurisdiction over Defendant Textron Aviation, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Textron Aviation, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Moreover, Plaintiffs would show that Defendant Textron Aviation, Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Textron Aviation, Inc. to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant. Furthermore, Plaintiffs would show that Defendant Textron Aviation, Inc. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

**FACTS**

13.　That at all times herein mentioned Plaintiffs, ETG and HOST, owned that certain 2006 Cessna Model 560 aircraft, serial number 560-0706, registered as N777HW.

4

14.     That at all times herein mentioned, Defendant, PILOT, and Does 19-20, based on information and belief, were the owner(s) of that certain Cessna Model 525B aircraft, registered as N973CG. Said aircraft was based and operated out of the San Jose International Airport, San Jose, California as part of the continuing business of PILOT.

15.     That prior to November 15, 2019, Plaintiffs, ETG and HOST, caused aircraft N777HW to be flown to the San Antonio International Airport located in San Antonio, Texas and placed in the custody, care and control of a fixed base operator commonly known as Textron Aviation, Inc., dba Textron Aviation San Antonio Service Center (hereinafter referred to as "Textron Aviation") for the sole purposes of evaluation and maintenance under Textron Aviation's sole care, custody and control including safekeeping. N777HW was caused to and was parked by Textron Aviation on the ramp for several days prior to and including November 15, 2019.

16.     That on November 15, 2019, and based on information and belief, Defendants, PILOT and Does 1-10, flew aircraft N973CG from San Jose, California to San Antonio International Airport, Texas for their own corporate business or in the alternative and based upon information and belief as a revenue-generating passenger-carrying flight of charter or common carrier transporting passengers. Said aircraft was operated by PILOT by and through their employee aircraft pilot, Doe 11, or in the alternative and based on information and belief said aircraft was operated by an aircraft pilot supplied by and hired by PILOT for said flight from an organization form unknown but doing business as Doe 12.

17.     That based on information and belief, during the flight of N973CG on November 15, 2019, while en route to San Antonio International Airport, the aircraft

experienced a maintenance issue causing the pilot of the aircraft to alert by radio the Textron Aviation at San Antonio Airport that he wished to have the maintenance issue investigation upon his arrival. Based on information and belief it is believed that he was instructed after landing to taxi to the Textron Aviation facility and keep the engines of the aircraft running for the maintenance issue evaluation by a Textron Aviation mechanic.

18.     Based on information and belief, when aircraft N973CG arrived on November 15, 2019 at the Textron Aviation San Antonio Service Center it was directed by Textron Aviation to park at a specific location and its wheels were chocked by Textron Aviation to prevent the aircraft from moving or rolling.

19.     Based on information and belief, when the Service Center maintenance person attempted to enter the aircraft, he was unable to do so causing the pilot of N973CG to exit the cockpit to open the door to admit the maintenance person. On information and belief it is therefore alleged that the pilot failed to set the aircraft brakes, lockdown the throttles, or leave the cockpit in control of another qualified and type-rated person, or by other, not yet known, actions and procedures.

20.     Based on information and belief it is therefore alleged that during the process of the pilot of N973CG having left the cockpit and/or returning to the cockpit, he struck the throttles of the engines, pushing them forward, accelerating the engines and causing the aircraft to taxi at high speed and out-of-control until the aircraft collided with another aircraft and eventually colliding with plaintiffs' aircraft, N777HW, causing as a result great damage to plaintiffs' aircraft and rendering it worthless and useless or operations or service to plaintiffs.

## FIRST CAUSE OF ACTION: NEGLIGENCE

21.     Defendants had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

22.     Plaintiffs' injuries and damages were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

23.     The negligent, careless and reckless disregard of duty of Defendants consisted of, but is not limited to, the following acts and omissions:

   i.     That at said time and place hereinbefore alleged, defendants PILOT, Does 1-12, 19-20, and each of them, so carelessly and negligently operated, inspected, entrusted, leased, maintained, rented and owned said aircraft, N973CG, as to cause the same to crash, collide, impact and violently dislodge plaintiffs' aircraft, N777HW, from its parked and secured location causing great damage to said aircraft as to make it inoperable, useless for its intended purpose, incapable of being economically or reasonably repaired such that it was caused to be a total loss to plaintiffs ETG and HOST and for their use and enjoyment.

   ii.    That Textron Aviation, by and through their policies, procedures, personnel, mechanics, and line personnel carelessly and negligently failed to, among other things, properly secure N973CG knowing the engines were running, park the aircraft away from plaintiffs' aircraft, attempted to enter the aircraft knowing no pilot was in the cockpit in control, failed to communicate a safe and practical way to enter the aircraft and failed to protect and care for N777HW from harm such to cause great injury and damage to plaintiffs.

### SECOND CAUSE OF ACTION: NEGLIGENCE PER SE

24.     Defendants conduct described herein constitutes an unexcused breach of duty imposed by the Code of Federal Regulations as set forth herein.

25.     That the operation of defendants and each of their aircraft was governed by Chapter 14 of the Code of Federal Regulations for the operation of aircraft within the United States. Based on information and belief it is therefore alleged that as set forth in

the factual circumstances of the operation of defendants and each of their aircraft that said aircraft operations by defendants ETG, Does 1-12, 19-20 violated and were not in conformance with, among others, the provisions of 14 CFR, subchapter F, Part 91.3, 91.13(b), 91.111, 91.501, 91.505, 91.503(b)(5,6) and such other regulations as may be determined. That said violations of failure to conform to the Code of Federal Regulations were a contributing, proximate, substantial and legal cause of the damage to plaintiffs' aircraft.

26.  That further, the operation of defendants PILOT, Does 1-12, 19-20, and each of their aircraft as hereinbefore alleged was, in the alternative, and based upon information and belief and therefore herein alleged, in violation of 14 CFR, Subchapter G, Part 135.25, 135.65(c), 135.71, 135.77, 135.83(b)(5,6), 135.100(c), among others. That said violations of failure to conform to the Code of Federal Regulations were a contributing, proximate, substantial and legal cause of the damage to plaintiffs' aircraft.

27.     Defendants' unexcused breach of the duty imposed by said Code of Federal Regulations proximately caused the Plaintiffs' injuries described herein.

### THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR

28.     At the time of the occurrence of the act in question and immediately prior thereto, Does 1-20 were acting within the course and scope of employment for Defendant Pilot Point Consultancy, LLC.

29.     At the time of the occurrence of the act in question and immediately prior thereto, Does 1-20 were engaged in the furtherance of Defendant Pilot Point Consultancy, LLC's business.

30.     At the time of the occurrence of the act in question and immediately prior

8

thereto, Does 1-20 engaged in accomplishing a task for which Pilot Point Consultancy, LLC was employed.

31.    Plaintiffs therefore invoke the doctrine of Respondeat Superior as against Defendant Pilot Point Consultancy, LLC.

## AGENCY

32.    Whenever in this Petition it is alleged that a Defendant acted or failed to act, it is meant that that Defendant and/or that Defendant's agents, servants, employees, or representatives did such acts or failed to do such acts at the time said acts or omissions occurred, and that acts of the Defendant was done with full authorization or ratification of the principal Defendant, and/or that they were done in the normal and routine course and scope of employment of the principal Defendant's agents, servants, employees, or representatives.

## DAMAGES

33.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer and to incur the following damages:

  i.    Plaintiffs have suffered the complete loss of the value of the aircraft which at the time of the collision had a fair market value of $3,325,896, or in an amount according to proof at trial.

  ii.    Plaintiffs as a direct, proximate, substantial and legal cause were required to and continued to pay monthly debt service on the purchase mortgage for the subject aircraft in the amount of $28,602.90 per month starting from November 15, 2019 through and including on or about May 1, 2020, in an amount totaling $185,918.85, or in an amount according to proof at trial.

  iii.    Plaintiffs had signed a contract prior to November 15, 2019 for management services with Hampton Roads Charter Service for hanger, management fees, pilot services and maintenance totaling $52,800 for the six-months through May 1, 2020, or according to proof at trial, which was useless because of the uselessness of the subject aircraft.

9

    iv.    Plaintiffs had incurred recurring pilot training costs in December of 2019 in the amount of $11,691.53 for pilot services which were not able to be utilized for N777HW due to the uselessness of the subject aircraft after November 15, 2019.

    v.    Plaintiffs had upgraded improvements to the subject aircraft, besides routine and required maintenance, in the form of a Wi-Fi system and a 406ELT in the amount of $103,758.47, or in an amount according to proof at trial, which was wasted and of no value to plaintiffs due to the uselessness of the subject aircraft.

    vi.    Plaintiffs were required to replace for their business the subject aircraft by chartering comparable aircraft for their business use. Plaintiffs had utilized the subject aircraft for the previous year for 177 total hours or 88.5 hours for a six-month time. After November 15, 2019, plaintiffs contracted with Nicholas Air for charter of comparable aircraft use at the rate of $96,669.38 in 15-hour flight time blocks. Plaintiffs have incurred a six-month loss of use cost in the amount of $567,127.02, or in an amount according to proof at trial due to the uselessness of the subject aircraft.

34.    Further, Defendants' acts or omissions described above, when viewed from the standpoint of Defendant, Pilot Point Consultancy, LLC, at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendant, Pilot Point Consultancy, LLC had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendant Pilot Point Consultancy, LLC.

**JURY DEMAND**

35.    Plaintiffs hereby demand a trial by jury and tender with this Petition the requisite fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, ETG Aviation, LLC and TP Host, LLC, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

FRANECKE LAW GROUP
1115 Irwin Street, Suite 100
San Rafael, CA 94901
Telephone: (415) 457-7040
Telecopier: (415) 457-7041

*/s/ Louis S. Franecke*

By_____
LOUIS S. FRANECKE
California State Bar No. 52386
Louis.franecke@gte.net
Attorney for Plaintiffs

LAW OFFICES OF KEITH P. MILLER, P.C.
14350 Northbrook, Ste 150
San Antonio, Texas 78232
Telephone: (210) 524-9040
Telecopier: (210) 267-2982

11

*/s/ Megan H. Kucera*

By: _____
KEITH P. MILLER
State Bar No. 14093725
kmiller@kpmlawpc.com
MEGAN H. KUCERA
State Bar No. 24076449
megan@kpmlawpc.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify by my signature below that a true and correct copy of the foregoing has been served by:

___ Certified Mail Return Receipt Requested
___ First Class Mail
___ Telecopier and/or
___ Hand-delivery
_x_ E-service

To the following:

Todd C. Worthe, Esq.
WORTHE HANSON & WORTHE
1851 East First Street, Suite 400
Santa Ana, California 92705
tworthe@whwlawcorp.com

Geffrey W. Anderson, Esq.
Shannon Dugan, Esq.
ANDERSON & RIDDLE, L.L.P.
1604 8th Avenue
Fort Worth, Texas 76104
sdugan@andersonriddle.com
ganderson@andersonriddle.com

On the 17th day of November, 2020.

*/s/ Megan H. Kucera*

_____
Megan H. Kucera

FILED

OCT - 7 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _Vivia Theoharis_ DEPUTY

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| ETG AVIATION, LLC, | Case No. 20CV367119 |
| Plaintiff, | |
| v. | **ORDER CONCERNING DEFENDANT'S FORUM NON CONVENIENS MOTION** |
| PILOT POINT CONSULTANCY, LLC et al., | |
| Defendants. | |

     In this property damage case based on an aircraft collision, Defendant moves to dismiss or stay the case in favor of a Texas forum under the doctrine of forum non conveniens. (See Code Civ. Proc., § 410.30.) Plaintiff opposes the motion. The Court provided a tentative ruling on September 28, 2020, and no party contested the ruling or appeared at the September 29 hearing. The Court now issues its final ruling.

## I.   LEGAL STANDARD

     "In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).) No single

1



factor is predominant; instead, all factors should be weighed together. (*Id.* at p. 753.) In the end, if "substantial justice" counsels for a non-California forum, then the forum non conveniens motion should be granted. (Code Civ. Proc., § 410.30; *Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, 860 (*Archibald*), superseded by statute as stated in *Stangvik, supra*, 54 Cal.3d at p. 755.)

A "strong presumption" attaches to a choice of a California forum. (*National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 926-927.) And a corporate defendant's principal place of business is presumptively a convenient forum. (*Stangvik, supra*, 54 Cal.3d at pp. 754–755.) But these presumptions must yield "if the balance is strongly in favor of the defendant." (*Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1465.)

Defendant, as the moving party, bears the burden of proof. (*Stangvik, supra*, 54 Cal.3d at p. 751.)

II.  ANALYSIS

A.  Dismissal or Stay

In its discretion, the Court will not dismiss this case, even if substantial justice were to require trial in Texas; at most, the Court would stay this case pending a final determination of the lawsuit being re-filed in Texas. This is to ensure a home for the case if, for some reason, the case cannot proceed in Texas.

B.  Is Texas a "Suitable Place" for Trial?

" 'A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits. [Citation.] "[A] forum is suitable where an action 'can be brought,' although not necessarily won." [Citation.]' [Citations.]" (*Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1186.)

Texas (whether state or federal court) is a suitable place for trial. There is jurisdiction over the dispute in Texas because the accident at issue occurred in Texas. And no party has identified a statute of limitations bar.

Thus, the Court finds that Texas is a suitable place for trial.

2

C.    **Private Interest Factors**

"The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik, supra*, 54 Cal.3d at p. 751.)

Here, the incident occurred in Texas. Most of the third-party witnesses are in Texas. While Defendant (an entity) is a California resident, Plaintiff (an entity) is not a California resident, but rather a Delaware corporation with its principal place of business in Virginia.

Plaintiff argues that the pilot working for Defendant is a California resident. But presumably that pilot is party-affiliated, and can be deposed anywhere without much difficulty. And while it may be happenstance that the accident occurred in Texas, so what? That does not change the fact that many of the witnesses to the accident are in Texas. Plaintiff argues that these witnesses know little relevant information, but it is premature for the Court to characterize the ultimate relevance of their testimony. Besides, Defendant disputes that characterization. Finally, the difficulties in collecting a Texas judgment are not so significant so as to counsel against Texas being the proper forum in the lawsuit.

On balance, the private interest factors strongly point to Texas being the best forum for this lawsuit. In other words, it is much more convenient for the parties to try this case in Texas. (The Court notes that Defendant has committed to consenting to the jurisdiction of Texas courts.)

D.    **Public Interest Factors**

"The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. [Citations.]" (*Stangvik, supra*, 54 Cal.3d at p. 751.)

In this case, the accident at issue occurred in Texas. It is unclear how much concern a Santa Clara County jury would have for this Texas-focused event. The Court has no evidence as

1 | to how overburdened the relevant state or federal court in Texas is, as compared to this Court, so
2 | the Court views this factor as neutral.
3 |     All in all, the Court views these factors as weighing slightly in favor of Texas.

**IV.   CONCLUSION**

5 |     After weighing and balancing the private and public interest factors, the Court holds that
6 | Defendant has carried their burden on this motion. In the Court's view, substantial justice
7 | requires that this dispute be heard in Texas. The Court therefore GRANTS Defendant's motion
8 | to stay this case, based on forum non conveniens considerations (and DENIES the motion to
9 | dismiss). A case review is set for May 27, 2021, at 10:00 a.m. in Department 8.[1]

**IT IS SO ORDERED.**

Dated: 10 / 1 / 20

The Honorable Sunil R. Kulkarni
Judge of the Superior Court

---

[1] The Court VACATES the upcoming case management conference on October 13, 2020 at
10:00 a.m. in Department 8.

4



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95113
CIVIL DIVISION

RE: ETG Aviation, LLC, a corporation et al vs Pilot Point Consultancy, LLC
Case Number: 20CV367119

### PROOF OF SERVICE

**ORDER CONCERNING DEFENDANT'S FORUM NON CONVENIENS MOTION** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on October 08, 2020. CLERK OF THE COURT, by Asimina Theoharis, Deputy.

cc:
Louis S Franecke
1115 Irwin Street Suite 100
San Rafael CA 94901

Todd Christopher Worthe
1851 E First Street, Suite 860\
Santa Ana, CA 92705

# EXHIBIT 3

**2020CI22421**



Cause Number: _____

District Court : _____57th_____

CIT CML

# Mary Angie Garcia
## Bexar County District Clerk

## Request for Process

**Style:** ETG Aviation, LLC & TP Host, LLC **Vs.** Pilot Point Consultancy, LLC, Castine Airways, LLC, et al

**Request the following process:** (Please check all that Apply)

■ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Temporary Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** Textron Aviation, Inc.
**Registered Agent/By Serving:** CT Corporation System, 1999 Bryant St., Ste. 900, Dallas, Texas 75201
**Address**
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
■ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**2.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address**
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address**
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address**
**Service Type:** (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**Title of Document/Pleading to be Attached to Process:** Plaintiffs' First Amended Petition Upon Transfer from the Superior Court of California

**Name of Attorney/Pro se:** Megan Kucera **Bar Number:** 24076449
**Address:** 14350 Northbrook Dr., Ste. 150, San Antonio, TX 78232 **Phone Number:** 210-524-9040

Attorney for Plaintiff ___X___ Defendant _____ Other _____

***\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\****



# EXHIBIT 4

Case Number: 2020-CI-22421    2020CI22421   S00001

ETG AVIATION LLC ET AL

vs.

PILOT POINT CONSULTANCY LLC ET AL

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
57th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

## "THE STATE OF TEXAS"

DIRECTED TO:    TEXTRON AVIATION INC

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYANT 900
DALLAS TX 75201-3140

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and FIRST AMENDED PETITION UPON TRANSFER FROM THE SUPERIOR COURT OF CALIFORNIA, a default judgment may be taken against you." Said CITATION with FIRST AMENDED PETITION UPON TRANSFER FROM THE SUPERIOR COURT OF CALIFORNIA was filed on the 17th day of November, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH DAY OF November A.D., 2020.

MEGAN H KUCERA
ATTORNEY FOR PLAINTIFF
14350 NORTHBROOK DR 150
SAN ANTONIO, TX 78232



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Alexandra Johnson*, Deputy

---

ETG AVIATION LLC ET AL
vs
PILOT POINT CONSULTANCY LLC ET AL

Officer's Return

Case Number: 2020-CI-22421
Court: 57th Judicial District Court

Came to hand on the 18th day of November 2020, A.D., at 9:33 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 1999 BRYANT 900 DALLAS TX 75201-3140 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with FIRST AMENDED PETITION UPON TRANSFER FROM THE SUPERIOR COURT OF CALIFORNIA.

Cause of failure to execute this Citation is _____.

**Mary Angie Garcia**
Clerk of the District Courts
of Bexar County, TX

By: *Alexandra Johnson*, Deputy

ORIGINAL (DK003)



**EXHIBIT 5**

**From:** Shannon Dugan
**To:** Bryan David; Geff Anderson
**Cc:** Raenell Cotten; Houston Anderson
**Subject:** [EXTERNAL] RE: ETG v. TAI, et al - Removal
**Date:** Tuesday, December 8, 2020 3:04:20 PM
**Attachments:** image001.png

Bryan,

Pilot Point Consultancy, LLC and Castine Airways, LLC consent to the removal.

Thank you,


Shannon Dugan
*Associate Attorney*
**Anderson & Riddle, LLP**
1604 8th Avenue
Fort Worth, TX 76104
Office: (817) 334-0059
Mobile: (817) 240-2552
Fax: (817) 334-0425
sdugan@andersonriddle.com



**IMPORTANT NOTICE: The information in this email (and any attachments) may contain privileged or confidential information. If you have received this email in error, please immediately notify me by "Reply" command and permanently delete the original and any copies or printouts thereof. Unauthorized interception of this email may be a violation of criminal law. If you are not the intended recipient, you must not use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Anderson & Riddle, LLP or its affiliates either jointly or severally, for any loss or damage arising in any way from its use.**

**From:** Bryan David <bdavid@canteyhanger.com>
**Sent:** Tuesday, December 8, 2020 2:56 PM
**To:** Geff Anderson <ganderson@andersonriddle.com>; Shannon Dugan <sdugan@andersonriddle.com>
**Subject:** ETG v. TAI, et al - Removal

Counsel:

As we have discussed, Textron Aviation Inc. intends to remove this lawsuit to the United States District Court for the Western District of Texas, San Antonio Division. Would you please confirm whether your clients Pilot Point Consultancy, LLC and Castine Airways, LLC consent to the removal?

Best regards,

**Bryan David**

Partner

CANTEY HANGER L.L.P.

1999 Bryan Street, Suite 3300

Dallas, Texas 75201

214.978.4100 - Main Phone

214.740.4241 - Direct

214.978.4150 - Fax

bdavid@canteyhanger.com

www.canteyhanger.com



**EXHIBIT 6**

E-FILED
6/9/2020 1:12 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV367119
Reviewed By: Y. Chavez

Louis S. Franecke, Esq. (CSB#52386)
Franecke Law Group
1115 Irwin Street, Suite 100
San Rafael, CA 94945
PH:    415-457-7040
FAX: 415-457-7041
Email: louis.franecke@gte.net

Attorneys for Plaintiffs ETG AVIATION, LLC and TP HOST, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ETG AVIATION, LLC, a corporation; TP HOST, LLC, a corporation;<br><br>          Plaintiffs,<br><br>     v.<br><br>PILOT POINT CONSULTANCY, LLC, a corporation previously known as CASTINE AIRWAYS LLC, a corporation; and DOES 1-20, inclusive,<br><br>          Defendants. | CASE NO. 20CV367119<br><br>**COMPLAINT FOR MONEY DAMAGES** |

COMES NOW ETG AVIATION, LLC (hereinafter referred to as "ETG"), a wholly-owned subsidiary of TP HOST, LLC (hereinafter referred to as "HOST"), and TP HOST, LLC, and complains of defendants, and each of them, and for causes of action herein alleged:

## FACTUAL ALLEGATIONS

1.     That at all times herein mentioned, defendant PILOT POINT CONSULTANCY, LLC (hereinafter referred to as "PILOT") is a corporation duly organized as a legal entity believed to be a limited liability corporation under the laws of the state of California and previously known as CASTINE AIRWAYS, LLC and registered to transact business in the state of California and elsewhere with its principal place of business in the town of Sunnyvale, County of Santa Clara, California.

1       2.      That ETG is a corporation organized under the laws of the state of Delaware with its

2 principal place of business in Norfolk, Virginia. That at all times herein mentioned, ETG is a wholly-

3 owned subsidiary of HOST, a duly organized corporation under the laws of the state of Delaware

4 with its principal place of business in Norfolk, Virginia.

5       3.      That at all times herein mentioned, defendants Does 1-20 are sued herein under

6 fictitious names; that plaintiffs do not at this time know the true names, type of entity or individual,

7 or capacities of said defendants, but pray that the same may be inserted herein with appropriate

8 allegations when ascertained.

9       4.      That at all times mentioned herein, each defendant was an agent, servant and

10 employee of the other defendants herein named; that at all of said times, each of said defendants was

11 acting within the course and scope of said agency, service and employment.

12       5.      That at all times herein mentioned ETG and HOST owned that certain 2006 Cessna

13 Model 560 aircraft, serial number 560-0706, registered as N777HW.

14       6.      That at all times herein mentioned, defendant PILOT and Does 19-20, and based on

15 information and belief, were the owner(s) of that certain Cessna Model 525B aircraft, registered as

16 N973CG. Said aircraft was based and operated out of the San Jose International Airport, San Jose,

17 California as part of the continuing business of PILOT.

18       7.      That prior to and on November 15, 2019, plaintiffs ETG and HOST caused aircraft

19 N777HW to be flown to the San Antonio International Airport located in San Antonio, Texas and

20 placed in the custody, care and control of a fixed base operator commonly known as Textron

21 Aviation San Antonio Service Center (hereinafter referred to as "Service Center") for the sole

22 purposes of evaluation and maintenance with no intention that said aircraft remain in San Antonio for

23 any more time than to accomplish the required maintenance. N777HW was caused to and was parked

24 by the Service Center on the ramp for several days prior to and including November 15, 2019.

25       8.      That on November 15, 2019, and based on information and belief, defendants PILOT

26 and Does 1-10 flew aircraft N973CG from San Jose, California to San Antonio International Airport,

27 Texas for their own corporate business or in the alternative and based upon information and belief as

28 a revenue-generating passenger-carrying flight of charter or common carrier transporting passengers.

1   Said aircraft was operated by PILOT by and through their employee aircraft pilot, Doe 11, or in the

2   alternative and based on information and belief said aircraft was operated by an aircraft pilot supplied

3   by and hired by PILOT for said flight from an organization form unknown but doing business as Doe

4   12.

5          9.     That based on information and belief, during the flight of N973CG on November 15,

6   2019, while enroute to San Antonio International Airport, the aircraft experienced a maintenance

7   issue causing the pilot of the aircraft to alert by radio the Textron Aviation San Antonio Service

8   Center that he wished to have the maintenance issue investigation upon his arrival. Based on

9   information and belief it is believed that he was instructed after landing to taxi to the Service Center

10  facility and keep the engines of the aircraft running for the maintenance issue evaluation by the

11  Service Center.

12         10.    Based on information and belief, when aircraft N973CG arrived on November 15,

13  2019 at the Textron Aviation San Antonio Service Center it was directed by the Service Center to

14  park at a specific location and its wheels were chocked by the Service Center to prevent the aircraft

15  from moving or rolling.

16         11.    Based on information and belief, when the Service Center maintenance person

17  attempted to enter the aircraft, he was unable to do so causing the pilot of N973CG to exit the cockpit

18  to open the door to admit the maintenance person. On information and belief it is therefore alleged

19  that the pilot failed to set the aircraft brakes, lockdown the throttles, or leave the cockpit in control of

20  another qualified and type-rated person, or other, not yet known, actions and procedures.

21         12.    Based on information and belief it is therefore alleged that during the process of the

22  pilot of N973CG having left the cockpit and/or returning to the cockpit, he struck the throttles of the

23  engines, pushing them forward, accelerating the engines and causing the aircraft to taxi at high speed

24  and out-of-control until the aircraft collided with another aircraft and eventually colliding with

25  plaintiffs' aircraft, N777HW, causing as a result great damage to plaintiffs' aircraft and rendering it

26  useless for operations or service to plaintiffs.

27  ///

28  ///

## NEGLIGENCE

## (PILOT, DOES 1-12, 19-20)

13.     Plaintiffs hereby incorporated by reference as if fully set forth herein Paragraphs 1 through 12, inclusive.

14.     That at said time and place hereinbefore alleged, defendants PILOT, Does 1-12, 19-20, and each of them, so carelessly and negligently operated, inspected, entrusted, leased, maintained, rented and owned said aircraft, N973CG, as to cause the same to crash, collide, impact and violently dislodge plaintiffs' aircraft, N777HW, from its parked and secured location causing great damage to said aircraft as to make it inoperable, useless for its intended purpose, incapable of being economically or reasonably repaired such that it was caused to be a total loss to plaintiffs ETG and HOST and for their use and enjoyment.

15.     That the operation of defendants and each of their aircraft was governed by Chapter 14 of the Code of Federal Regulations for the operation of aircraft within the United States. Based on information and belief it is therefore alleged that as set forth in the factual circumstances of the operation of defendants and each of their aircraft that said aircraft operations by defendants ETG, Does 1-12, 19-20 violated and were not in conformance with, among others, the provisions of 14 CFR, subchapter F, Part 91.3, 91.13(b), 91.111, 91.501, 91.505, 91.503(b)(5,6) and such other regulations as may be determined. That said violations of failure to conform to the Code of Federal Regulations were a contributing, proximate, substantial and legal cause of the damage to plaintiffs' aircraft.

16.     That further, the operation of defendants PILOT, Does 1-12, 19-20, and each of their aircraft as hereinbefore alleged was, in the alternative, and based upon information and belief and therefore herein alleged, in violation of 14 CFR, Subchapter G, Part 135.25, 135.65(c), 135.71, 135.77, 135.83(b)(5,6), 135.100(c), among others. That said violations of failure to conform to the Code of Federal Regulations were a contributing, proximate, substantial and legal cause of the damage to plaintiffs' aircraft.

17.     That as a direct, proximate, substantial and legal result said aircraft is a total loss to plaintiffs and has become useless to plaintiffs for their use and enjoyment. Plaintiffs therefore allege

that the following compensatory damages are and have been suffered by plaintiffs as a direct, proximate, substantial and legal result of the aforementioned negligence and carelessness of defendants and each of them.

18.     Plaintiffs have suffered the complete loss of the value of the aircraft which at the time of the collision had a fair market value of $3,325,896, or in an amount according to proof at trial.

19.     Plaintiffs as a direct, proximate, substantial and legal cause were required to and continued to pay monthly debt service on the purchase mortgage for the subject aircraft in the amount of $28,602.90 per month starting from November 15, 2019 through and including on or about May 1, 2020, in an amount totaling $185,918.85, or in an amount according to proof at trial.

20.     Plaintiffs had signed a contract prior to November 15, 2019 for management services with Hampton Roads Charter Service for hanger, management fees, pilot services and maintenance totaling $52,800 for the six-months through May 1, 2020, or according to proof at trial, which was useless because of the uselessness of the subject aircraft.

21.     Plaintiffs had incurred recurring pilot training costs in December of 2019 in the amount of $11,691.53 for pilot services which were not able to be utilized for N777HW due to the uselessness of the subject aircraft after November 15, 2019.

22.     Plaintiffs had upgraded improvements to the subject aircraft, besides routine and required maintenance, in the form of a Wi-Fi system and a 406ELT in the amount of $103,758.47, or in an amount according to proof at trial, which was wasted and of no value to plaintiffs due to the uselessness of the subject aircraft.

23.     Plaintiffs were required to replace for their business the subject aircraft by chartering comparable aircraft for their business use. Plaintiffs had utilized the subject aircraft for the previous year for 177 total hours or 88.5 hours for a six-month time. After November 15, 2019, plaintiffs contracted with Nicholas Air for charter of comparable aircraft use at the rate of $96,669.38 in 15-hour flight time blocks. Plaintiffs have incurred a six-month loss of use cost in the amount of $567,127.02, or in an amount according to proof at trial due to the uselessness of the subject aircraft.

24. Plaintiffs' ownership of the subject aircraft was required to insure the aircraft after November 15, 2019 at a rate of $2,247.91 per month or $13,487.50 for six months while the aircraft has been sitting in its damaged and useless condition since November 15, 2019.

25. Plaintiffs therefore allege that based upon the foregoing loss of use and ownership value of the subject aircraft, plaintiffs' total damages are in the amount of $4,246,377.92, or according to proof at trial.

**ULTRA HAZARDOUS ACTIVITY**

**(PILOT, DOES 1-20)**

26. Plaintiffs hereby incorporate by reference as if fully set forth herein Paragraphs 1 through 25 inclusive.

27. Based upon information and belief, it is therefore alleged that defendants, and each of them, and their aircraft, N973CG, upon arrival at San Antonio International Airport on November 15, 2019, had completed its flight and was directed to and was parked on the ramp at the fixed base operator's Service Center.

28. Defendants' aircraft, N973CG, is a business jet aircraft capable of flying at extremely high altitudes and at great speed. These performance characteristics are achieved by the use of powerful engines capable of moving the aircraft with great acceleration.

29. Plaintiffs allege that PILOT and Does 1-20, by and through the pilot of said aircraft was not flying the aircraft when he left the cockpit, left the engines running and had no control over the highly dangerous and hazardous aircraft on the ground. Plaintiffs allege that the risk taken by the pilot leaving the cockpit of the aircraft on the ground with the engines running created an anticipated ultra-hazardous degree of risk of harm to persons and property.

30. Plaintiffs allege that the leaving of the cockpit by the pilot operator of defendants and each of their aircraft created such a dangerous and ultra-hazardous situation that as a direct, proximate, substantial and legal result defendants and each of their aircraft were caused to impact and collide with plaintiffs' aircraft rendering it useless and damaged beyond repair as hereinabove alleged.

WHEREFORE, plaintiffs ETG and HOST pray for judgment against defendants and each of them as follows:

1.   For judgment in favor of plaintiffs against defendants PILOT, Does 10-12, 19-20 in the amount of $4,246,377.92 or according to proof at trial;

2.   For prejudgment interest in the amount according to law to be applied to the value of the judgment;

3.   For plaintiffs' costs of suit herein incurred; and

4.   For such other and further relief as the Court may deem just and proper.

DATED:  June 9, 2020

FRANECKE LAW GROUP

By_____

LOUIS S. FRANECKE, Esq.
Attorneys for Plaintiffs ETG AVIATION, LLC and TP HOST, LLC



# EXHIBIT 7

FILED

OCT - 7 2020

Clerk of the Court
Superior Court of CA County of Santa Clara
BY _Silvia Theopharis_ DEPUTY

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| ETG AVIATION, LLC, | Case No. 20CV367119 |
| Plaintiff, | |
| v. | **ORDER CONCERNING DEFENDANT'S FORUM NON CONVENIENS MOTION** |
| PILOT POINT CONSULTANCY, LLC et al., | |
| Defendants. | |

In this property damage case based on an aircraft collision, Defendant moves to dismiss or stay the case in favor of a Texas forum under the doctrine of forum non conveniens. (See Code Civ. Proc., § 410.30.) Plaintiff opposes the motion. The Court provided a tentative ruling on September 28, 2020, and no party contested the ruling or appeared at the September 29 hearing. The Court now issues its final ruling.

## I.    LEGAL STANDARD

"In determining whether to grant a motion based on forum non conveniens, a court must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 (*Stangvik*).) No single

1



PLAINTIFF'S
EXHIBIT
_A._

factor is predominant; instead, all factors should be weighed together. (*Id.* at p. 753.) In the end, if "substantial justice" counsels for a non-California forum, then the forum non conveniens motion should be granted. (Code Civ. Proc., § 410.30; *Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, 860 (*Archibald*), superseded by statute as stated in *Stangvik, supra*, 54 Cal.3d at p. 755.)

A "strong presumption" attaches to a choice of a California forum. (*National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 926-927.) And a corporate defendant's principal place of business is presumptively a convenient forum. (*Stangvik, supra*, 54 Cal.3d at pp. 754–755.) But these presumptions must yield "if the balance is strongly in favor of the defendant." (*Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1465.)

Defendant, as the moving party, bears the burden of proof. (*Stangvik, supra*, 54 Cal.3d at p. 751.)

## II.    ANALYSIS

### A.    Dismissal or Stay

In its discretion, the Court will not dismiss this case, even if substantial justice were to require trial in Texas; at most, the Court would stay this case pending a final determination of the lawsuit being re-filed in Texas. This is to ensure a home for the case if, for some reason, the case cannot proceed in Texas.

### B.    Is Texas a "Suitable Place" for Trial?

" 'A forum is suitable if there is jurisdiction and no statute of limitations bar to hearing the case on the merits. [Citation.] "[A] forum is suitable where an action 'can be brought,' although not necessarily won." [Citation.]' [Citations.]" (*Roulier v. Cannondale* (2002) 101 Cal.App.4th 1180, 1186.)

Texas (whether state or federal court) is a suitable place for trial. There is jurisdiction over the dispute in Texas because the accident at issue occurred in Texas. And no party has identified a statute of limitations bar.

Thus, the Court finds that Texas is a suitable place for trial.

C.    **Private Interest Factors**

"The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

Here, the incident occurred in Texas. Most of the third-party witnesses are in Texas. While Defendant (an entity) is a California resident, Plaintiff (an entity) is not a California resident, but rather a Delaware corporation with its principal place of business in Virginia.

Plaintiff argues that the pilot working for Defendant is a California resident. But presumably that pilot is party-affiliated, and can be deposed anywhere without much difficulty. And while it may be happenstance that the accident occurred in Texas, so what? That does not change the fact that many of the witnesses to the accident are in Texas. Plaintiff argues that these witnesses know little relevant information, but it is premature for the Court to characterize the ultimate relevance of their testimony. Besides, Defendant disputes that characterization. Finally, the difficulties in collecting a Texas judgment are not so significant so as to counsel against Texas being the proper forum in the lawsuit.

On balance, the private interest factors strongly point to Texas being the best forum for this lawsuit. In other words, it is much more convenient for the parties to try this case in Texas. (The Court notes that Defendant has committed to consenting to the jurisdiction of Texas courts.)

D.    **Public Interest Factors**

"The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation. [Citations.]" (*Stangvik*, *supra*, 54 Cal.3d at p. 751.)

In this case, the accident at issue occurred in Texas. It is unclear how much concern a Santa Clara County jury would have for this Texas-focused event. The Court has no evidence as

3

to how overburdened the relevant state or federal court in Texas is, as compared to this Court, so the Court views this factor as neutral.

All in all, the Court views these factors as weighing slightly in favor of Texas.

**IV.   CONCLUSION**

After weighing and balancing the private and public interest factors, the Court holds that Defendant has carried their burden on this motion.  In the Court's view, substantial justice requires that this dispute be heard in Texas.  The Court therefore GRANTS Defendant's motion to stay this case, based on forum non conveniens considerations (and DENIES the motion to dismiss).  A case review is set for May 27, 2021, at 10:00 a.m. in Department 8.[1]

**IT IS SO ORDERED.**

Dated:  10 / 1 / 20

_____
The Honorable Sunil R. Kulkarni
Judge of the Superior Court

---

[1] The Court VACATES the upcoming case management conference on October 13, 2020 at 10:00 a.m. in Department 8.

4



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA
### DOWNTOWN COURTHOUSE
191 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95113
CIVIL DIVISION

RE: ETG Aviation, LLC, a corporation et al vs Pilot Point Consultancy, LLC
Case Number: 20CV367119

### PROOF OF SERVICE

ORDER CONCERNING DEFENDANT'S FORUM NON CONVENIENS MOTION was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on October 08, 2020. CLERK OF THE COURT, by Asimina Theoharis, Deputy.

cc:
Louis S Franecke
1115 Irwin Street Suite 100
San Rafael CA 94901

Todd Christopher Worthe
1851 E First Street, Suite 860\
Santa Ana, CA 92705

**PROOF OF SERVICE**